UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | C/A No.: 7:10-cv-70307-GRA |
| Plaintiff, | ) | (Cr. No. 7:98-cr-00376-GRA-1) |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Johnny Earl Womble, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's Motion for Nunc Pro Tunc Order as to Credit for State's Charges or Other Appropriate Remedy This Court Deems Fit. The Court now construes Defendant's Motion as one brought under 28 U.S.C. § 2255. For the following reasons, the Court denies Defendant's Motion.

**Background**

On July 27, 1998, Defendant pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). At that time, Defendant was in the custody of the South Carolina Department of Corrections, serving a state sentence that had been imposed on April 30, 1997.

On November 9, 1998, the Honorable William B. Traxler, Jr. sentenced Defendant to 180 months imprisonment. Judge Traxler recommended that the Bureau of Prisons designate the South Carolina Department of Corrections to be the place of confinement for the sentence, which would make Defendant's federal sentence run concurrently with the balance of his state sentence. Judge Traxler

also credited Defendant's sentence for twelve days of time served in federal custody.

The Bureau of Prisons lists Defendant's federal sentence as beginning on November 9, 1998, the date of sentencing. Defendant contends that under the Sentencing Guidelines, he should have received credit for time served on the state prison sentence, *i.e.*, that his federal sentence should be deemed to have begun on April 30, 1997.

Defendant filed the instant motion on October 15, 2010. On November 15, 2010, in accordance with *United States v. Blackstock*, 514 F.3d 128 (4th Cir. 2008), this Court notified Defendant of its intent to characterize the motion as a petition under 28 U.S.C. § 2255, advised him of the statutory and procedural limitations placed on § 2255 petitions, and provided him twenty days to object. Defendant did not respond.

### Standard of Review

Plaintiff brings this claim *pro se*. A court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). However, the court is not

required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

## Discussion

At the outset, Defendant has waived his present argument. Claims for "improper application of the Guidelines which could have been raised on direct appeal, but were not, may not be raised in collateral proceedings." *United States v. Goulden*, 54 F.3d 774, 1995 WL 298086, at *2 (4th Cir. 1995) (per curiam) (table). This is so even when the defendant did not directly appeal his sentence before seeking collateral relief. *See United States v. Emmanuel*, 869 F.2d 795, 796 (4th Cir. 1989) (per curiam). Here, Defendant did not challenge his sentence on direct appeal; rather, the current Motion appears to be Defendant's first challenge of his sentence of any kind. As the time for Defendant to appeal has long since expired, he has therefore waived the argument currently before the Court.[1]

Moreover, even assuming that Defendant has not waived his argument, and further assuming that Judge Traxler misapplied the Guidelines, relief under § 2255 would still be inappropriate. Absent the extraordinary case of a "'fundamental defect which inherently results in a complete miscarriage of justice,'" claims regarding the interpretation of the Sentencing Guidelines cannot be raised in a §

---

[1] There are narrow exceptions to the waiver rule, such as errors inherently resulting in a "complete miscarriage of justice." As discussed below, though, the this case does not fall into that exception.

2255 proceeding. *United States v. Mikalajunas*, 186 F.3d 490, 495 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1974)); *accord United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999) (internal citations omitted). This is a high burden for a § 2255 petitioner to meet. *See, e.g.*, *Mikalajunas*, 186 F.3d at 492, 496 (finding that an incorrect application of a Guidelines provision that resulted in a fifty-two month enhancement did not constitute a miscarriage of justice requiring collateral relief). Here, Defendant has alleged nothing more than a mere technical misapplication of a Guidelines provision. Even if true, such action does not rise to a complete miscarriage of justice. Therefore, relief under § 2255 is not available in this case.

This Court thus concludes that Defendant has waived his claim and that this type of claim is inappropriate for a § 2255 motion. In an abundance of caution, though, the Court will evaluate Defendant's motion on the merits.

If a term of imprisonment resulted from another offense that was relevant to the instant offense and was "fully taken into account in the determination of the offense level for the instant offense," and if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons, the sentencing court should adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment. U.S.S.G.

§ 5G1.3(b) & App. n.2 (1998).[2] Accordingly, the inquiry is two-fold: (1) whether the sentencing court, in determining the offense level for Defendant's federal offense took Defendant's 1997 state conviction fully into account, and, if so, (2) whether the Bureau of Prisons would credit his federal sentence for that state conviction.

The purpose of § 5G1.3(b) is to "'mitigate the possibility that the fortuity of two separate prosecutions [for the same conduct] will grossly increase a defendant's sentence.'" *United States v. Rouse*, 362 F.3d 256, 262 (4th Cir. 2004) (quoting *Witte v. United States*, 515 U.S. 389, 405 (1995)). Accordingly, prior offenses are "fully taken into account" only if the defendant is sentenced "'as if those felonies were being prosecuted in the same proceeding as the instant offense.'" *United States v. Thompson*, 7 F. App'x 234, 235 (4th Cir. 2001) (per curiam) (quoting *United States v. Garcia–Hernandez*, 237 F.3d 105, 110 (2d. Cir. 2000)). On the other hand, § 5G1.3(b) does not apply when the only the fact of the prior conviction is considered in determining the defendant's sentence. *See United States v. Adams*, 39 F. App'x 36, 37 (4th Cir. 2002) (per curiam) (prior state drug convictions increased felon in possession's offense level and criminal history score); *Thompson*,

---

[2] Generally, a court uses the version of the Guidelines Manual in effect at the time of sentencing. *See United States v. Lewis*, 606 F.3d 193, 198 (4th Cir. 2010); U.S.S.G. § 1B1.11(b)(1). Subsequent to Defendant's sentencing, the Sentencing Commission amended § 5G1.3(b). As there is no indication that Amendment 660 is to be applied retroactively, the Court shall consider only authorities dealing with the unamended version of § 5G1.3(b).

7. F. App'x at 234 (felon in possession received six-level enhancement for prior state drug conviction).

Here, nothing indicates that Judge Traxler considered any of the conduct underlying Defendant's state conviction to calculate the federal sentence, let alone that he fully took it into account as though Defendant was being prosecuted for it in federal court.  On the contrary, as Defendant himself acknowledges, Judge Traxler used the fact of that conviction merely in determining Defendant's criminal history score.  Therefore, the state conviction was not fully taken into account, and Defendant is not entitled to credit for time served for it.  Judge Traxler did not err in applying § 5G1.3(b).

IT IS THEREFORE ORDERED THAT Defendant's Motion for Nunc Pro Tunc Order as to Credit for State's Charges or Other Appropriate Remedy This Court Deems Fit is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December  16 , 2010
Anderson, South Carolina

## CERTIFICATE OF APPEALABILITY[3]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December  16 , 2010
Anderson, South Carolina

---

[3] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009) (per curiam).